# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ESTATE OF BG PETROLEUM, LLC, *et al.*, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:22-cv-39 |
| | ) | Judge Stephanie L. Haines |
| COMMUNITY STATE BANK OF | ) | |
| ORBISONIA, | ) | |
| | ) | |
| Appellee. | ) | |

## OPINION

Before the Court is an appeal filed by the Estate of BG Petroleum, LLC, by and through Chapter 7 Trustee, Lisa Swope, and Timco, Ltd. ("Appellants") from a Bankruptcy Court decision that dismissed with prejudice Appellants' fraudulent transfer claims under 11 U.S.C. §549 and 12 Pa. C. S. §5104 against Community State Bank of Orbisonia ("Appellee").[1]  The Court has jurisdiction to consider this appeal pursuant to 28 U.S.C. §158(a)(1), which provides that the district courts shall have jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy courts.

By way of background, on March 11, 2022, Appellants filed their notice of appeal (ECF No. 1) from the Bankruptcy Court's February 22, 2022 Order by Judge Jeffrey A. Deller.  That Order denied Appellants' Motion for Leave to File Fifth Amended Adversary Complaint and dismissed Appellee with prejudice from the adversary proceeding filed at 7:19-AP-7014-JAD ("adversary proceeding").  On May 4, 2022, Appellants filed their appellate brief (ECF No. 11), which requests that the Court vacate Judge Deller's February 22, 2022 Order, permit Appellants

---

[1] Though the Bankruptcy Court decision also dismissed several other claims against Appellee, Appellants represent their fraudulent transfer claims are the only claims at issue on appeal.

to file their amended claims against Appellee, and remand the case to the Bankruptcy Court with instructions to set the case for discovery and trial.  On June 20, 2022, Appellee filed its brief (ECF No. 19), which argues the Court should affirm Judge Deller's denial of leave to amend Appellants' claims and dismissal of Appellants' claims against Appellee with prejudice.  On July 18, 2022, Appellants filed their Reply Brief (ECF No. 21).  On November 14, 2022, the Court heard oral argument on the appeal (ECF No. 23).  This matter is now ripe for disposition.

For the reasons set forth below, the Court will AFFIRM the Bankruptcy Court's February 22, 2022 Order that denied the motion for leave to amend Appellants' claims and dismissed Appellee from the adversary proceeding with prejudice.

## I.    Relevant Factual and Procedural History

The Court's recital of the procedural background relevant to the instant appeal is drawn from the record before the Court filed by the parties at ECF Nos. 12 and 20.  The 2019 adversary proceeding at issue in this appeal arose out of the bankruptcy proceedings of Debtor BG Petroleum, LLC filed at *In re BG Petroleum, LLC*, Case No. 7:13-BK-70334-JAD.  The adversary proceeding is based on Appellants' allegations that Defendants William J. Miller ("Miller") and Attilio DeMarco ("DeMarco"), along with their family members and related corporate entities (collectively, the "Bedford Defendants"), misused the bankruptcy process to siphon assets from the bankruptcy estate.  The Bedford Defendants include Defendants 720 Lincoln Highway, LLC and 201 Jefferson Street, LLC.  At all times relevant to this appeal, Defendant 720 Lincoln Highway, LLC owned the real property located at 720 Lincoln Highway, McConnellsburg, Pennsylvania ("Lincoln Highway Property") and Defendant 201 Jefferson Street, LLC owned the real property located at 201 Jefferson Street, Mount Union, Pennsylvania ("Jefferson Street Property").

A. Fourth Amended Complaint

Appellee was named as a defendant in the adversary proceeding when Appellants filed their Fourth Amended Adversary Complaint on May 18, 2021 (ECF No. 12 at A032-536). Appellants alleged in that pleading that Defendant Miller, on behalf of Defendants 720 Lincoln Highway, LLC and 201 Jefferson Street, LLC, submitted an application to Appellee to refinance the loan, mortgage, and other encumbrances on the Lincoln Highway and Jefferson Street Properties, with an equity cash-out option.  These refinancing transactions resulted in Appellee making a cash payment of $76,611.96 to Defendant 201 Jefferson Street, LLC on January 9, 2020 and a cash payment of $199,857.11 to Defendant 720 Lincoln Highway, LLC on January 10, 2020. *Id.* at A057, ¶¶147-148.  In exchange, Appellee received first-lien mortgages on the Lincoln Highway and Jefferson Street Properties.  The Fourth Amended Adversary Complaint alleged the refinancing transactions drained these properties of their value so as to make the properties unappealable for the purposes of judgment execution in the adversary proceeding and that the cash proceeds were used for the benefit of the Bedford Defendants. *Id.* at ¶¶150-151.  Specifically, Appellants alleged the following claims against Appellee in the Fourth Amended Adversary Complaint based on the refinancing transactions:

(1) Fraudulent Transfer Under 11 U.S.C. §§ 548 and 549 (Count III);
(2) Fraudulent Transfer Under 12 Pa .C.S. § 5104(a)(1) (Count IV);
(3) Violation of 18 U.S.C. § 1962(a) (Count V);
(4) Violation of 18 U.S.C. § 1962(c) (Count VII);
(5) Violation of 18 U.S.C. § 1962(d) (Count VIII);
(6) Civil Conspiracy (Count X); and
(7) Concerted Action (Count XI).

B. Settlement Agreement

After the filing of the Fourth Amended Adversary Complaint, Appellants entered into a settlement agreement with a number of the Defendants in the  adversary proceeding, including Defendants  Miller, 720 Lincoln Highway, LLC, and 201 Jefferson Street, LLC (ECF No. 20 at

CSBA146-158) ("Settlement Agreement").   The Bankruptcy Court approved the Settlement Agreement on September 29, 2021.  *Id.* at CSBA144.  Relevant to this appeal, the Settlement Agreement provides that the Appellants release any claims they may have against Defendants 720 Lincoln Highway, LLC and 201 Jefferson Street, LLC arising from the adversary proceeding.  *Id.* at CSBA127 at ¶15.  Appellee is not a party to the Settlement Agreement.

C.   Bankruptcy Court's December 2, 2021 Memorandum Opinion and Order

On September 8, 2021, Appellee filed a Motion to Dismiss the Fourth Amended Adversary Complaint and Brief in Support.  *Id.* at CSBA086-109.  Appellants opposed the motion, but on December 2, 2021, Judge Deller issued a Memorandum Opinion and Order which granted the motion to dismiss and ruled Appellants had failed to state a claim against Appellee (ECF No. 12 at A613-38).  Relevant to this appeal, Judge Deller found Appellants failed to state a fraudulent transfer claim under 11 U.S.C. § 549, particularly noting Appellants had failed to allege what "property of the estate" was transferred to Appellee.  *Id.* at A620.  As to Appellants' fraudulent transfer claim under Section 5104 of Pennsylvania's Uniform Voidable Transactions Act ("PUVTA"), 12 Pa. C.S. § 5104(a)(1), Judge Deller identified several reasons why Appellants had failed to state this claim, the most dispositive being that Appellants could not claim to be "creditors" under Section 5104 because they released their claims against 720 Lincoln Highway, LLC and 201 Jefferson Street, LLC in the Settlement Agreement.  *Id.* at A630-34.  However, Judge Deller's dismissal of Appellants' claims against Appellee in the Fourth Amended Adversary Complaint allowed Appellants to seek leave to amend their claims within the next 45 days.  *Id.* at A637-8.

D.   Proposed Fifth Amended Adversary Complaint

On January 18, 2022, Appellants filed their Motion for Leave to File Fifth Amended Adversary Complaint, which attached the proposed Fifth Amended Adversary Complaint.  *Id.* at

4

A537-612.  In that pleading, Appellants alleged the following claims against Appellee based on the same refinancing transactions at issue in the Fourth Amended Adversary Complaint:

(1) Fraudulent Transfer Under 11 U.S.C. §§ 548 and 549 (Count I);
(2) Fraudulent Transfer Under 12 Pa. C.S. § 5104(a)(1) (Count II);
(3) Civil Conspiracy (Count III); and
(4) Concerted Action (Count IV)

In their motion, Appellants contended generally that the Bankruptcy Court should permit the amendment because Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires, citing *Forman v. Davis*, 371 U.S. 178 (1962).  *Id.* at A538, ¶9.  In response, Appellee filed a detailed brief opposing the amendment (ECF No. 20 at CSBA159-181). Appellee argued the Bankruptcy Court should deny leave to amend because the amendment would be futile as the proposed claims were essentially the same allegations as those the Bankruptcy Court previously dismissed for failure to state a valid claim (ECF No. 20 at CSBA159-181).

On February 15, 2022, Judge Deller ordered Appellants to file a brief in support of their Motion for Leave to File Fifth Amended Adversary Complaint in order to specifically address whether the proposed Fifth Amended Adversary Complaint was futile and to respond to each and every argument put forth by Appellee in its brief (ECF No. 12 at A639).  Judge Deller further notified Appellants that "[f]ailure to timely file a brief as directed shall be deemed or construed as an admission that the amendment sought is futile, and that the motion for leave to amend should be denied without further notice and/or hearing." *Id.*

Appellants did not file a brief, but instead filed a "Line on Their Motion" stating they "chose not to file a brief on the issue of futility as allowed by the Court's Order of February 15, 2022 without conceding any issues arising out of their motion for leave to file a fifth amended complaint." *Id.* at A640-1.  They further stated they "recognize the Court will now enter an order denying their motion." *Id.*  On February 22, 2022, Judge Deller denied the Motion for Leave to

5

File Fifth Amended Adversary Complaint and dismissed the adversary proceeding against Appellee with prejudice. *Id.* at A642. Appellants then appealed the Bankruptcy Court's February 22, 2022 Order to this Court, contending that they should be permitted to bring their fraudulent transfer claims under 11 U.S.C. §549 and 12 Pa. C.S. § 5104(a)(1) against Appellee.[2]

II.   **Standard of Review**

As previously stated, the Court has appellate jurisdiction over final judgments, orders and decrees entered by bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). Federal Rule of Bankruptcy Procedure 8013 provides that a reviewing court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. A district court reviews a bankruptcy court's "legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof." *In re Am. Classic Voyages Co.*, 405 F.3d 127, 130 (3d Cir. 2005*)* (quotation and citation omitted). The appellate court reviews a denial of a motion to amend for abuse of discretion. *See Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013).

---

[2] Though Appellants appeal Judge Deller's February 22, 2022 Order denying the Motion for Leave to File Fifth Amended Adversary Complaint, as the reviewing court, this Court also has jurisdiction to review Judge Deller's December 2, 2021 Memorandum Opinion and Order that dismissed the claims against Appellee in the Fourth Amended Adversary Complaint. A notice of appeal naming the final judgment in its text, as done here, supports "review of all earlier orders that merge in the final judgment." *United States v. Kwasnik*, No. 20-3551, 2022 U.S. App. LEXIS 33766, at *4 (3d Cir. Dec. 8, 2022)(quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018). *See also Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 228 (3d Cir. 2019) (stating that the merger rule provides that interlocutory orders merge with the final judgment in a case, and the interlocutory orders, to the extent that they affect the final judgment, may be reviewed on appeal from the final order).

### III.   **Analysis**

As a threshold issue, the Court must determine the scope of this Court's review on appeal. Appellee argues Appellants waived their arguments that the Bankruptcy Court erred in denying Appellants' Motion for Leave to File Fifth Amended Adversary Complaint since Appellants refused to address whether the proposed amendment was futile or to respond to Appellee's brief as ordered by the Bankruptcy Court.  The Court agrees with Appellee that Appellants have waived their arguments on appeal.

"[A]ny issue not raised in the bankruptcy court is deemed waived and the [district court] may not consider it on appeal."  *Forever Green Ath. Fields, Inc. v. Dawson*, 514 B.R. 768, 778 (E.D. Pa. 2014) (citing *Belcufine v. Aloe*, 112 F.3d 633, 638 (3d Cir. 1997)).  As recently stated by the Third Circuit in *In re Imerys Talc Am., Inc. v. Cyprus Historical Excess Insurers*, 38 F.4th 361 (3d Cir. 2022):

> An argument is waived where a party fails to 'adequately raise it' with a 'minimum level of thoroughness' in the lower court. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009); *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 834-35, 54 V.I. 948 (3d Cir. 2011). And in bankruptcy appeals, avoiding a waiver determination at the district court or appellate court requires a party to have properly brought the argument before the bankruptcy court. *In re Trib. Media Co.*, 902 F.3d 384, 400 (3d Cir. 2018) (citing *Buncher Co. v. Off. Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 253 (3d Cir. 2000)). Failing to bring an argument at the appropriate time can result in a finding of waiver. *See, e.g., Pichler v. UNITE*, 542 F.3d 380, 396 n.19 (3d Cir. 2008)…

*Id.* at 373.

Here, Judge Deller specifically requested Appellants to file a brief to address how the proposed Fifth Amended Adversary Complaint's claims differed from those already dismissed by the Bankruptcy Court and to respond to the arguments raised by the Appellee in opposition to the amendment.  Appellants chose not to file a brief.  Instead, they filed a "Line On Their Motion" that does not address how the proposed amendment differed from the previously dismissed claims,

let alone provide a substantiative response to any of the Appellee's arguments opposing the amendment. Moreover, Appellants' "Line on Their Motion" clearly recognizes Appellants made a conscious decision to not address these issues before the Bankruptcy Court because the "Line" acknowledges that failure to do so will result in Judge Deller denying their motion.

Though they refused to file a brief in support of the proposed amendment with the Bankruptcy Court, Appellants now attempt to argue on appeal that the amendment should be permitted because they sufficiently alleged claims under 11 U.S.C. §549 and 12 Pa. C. S. §5104. Specifically, Appellants contend they have stated a claim under 11 U.S.C. §549 because they allege that the Lincoln Street and the Jefferson Street Properties were property of the bankruptcy estate at the time of the refinancing transactions. Appellants further contend they have stated a claim under Section 5104(a)(1) of the PUVTA by alleging that they acted as a "creditor" in relation to "debtors" 720 Lincoln Highway, LLC and 201 Jefferson Street, LLC when these entities received the cash payments in the refinancing transactions.

Appellants did not raise these arguments to the Bankruptcy Court. Accordingly, the Court may not and will not consider Appellants' arguments which are being raised for the first time on appeal. By failing to put these arguments before the Bankruptcy Court, Appellants prevented the Bankruptcy Court from considering the merits of these arguments and reaching a decision. Consequently, Appellants' arguments are not susceptible to review in this Court absent exceptional circumstances, which have not been pled in this case. *See Equibank, N.A. v. Wheeling-Pittsburgh Steel Corp.*, 884 F.2d 80, 86 (3d Cir. 1989). The Court therefore finds Appellants have waived their arguments on their fraudulent transfer claims.

Further, even if Appellants' arguments were not waived, the Court would find the proposed amendment is futile as Appellants failed to sufficiently plead their fraudulent transfer claims

8

against Appellee. First, as to the fraudulent transfer claim under 11 U.S.C. §549, the record indicates that the transfers at issue, i.e. the refinancing transactions, did not involve "property of the estate" at the time of those transactions. "The purpose of section 549 is to allow the trustee to avoid those post-petition transfers which deplete the estate while providing limited protection to transferees who deal with the debtor." *Szybist v. McKean Cty. Tax Claim Bureau (In re Taft)*, 262 B.R. 55, 60 (Bankr. M.D. Pa. 2001). The trustee may avoid post-petition transfers only of "property of the estate." 11 U.S.C. § 549(a). "Property of the estate" is defined, *inter alia,* as property in which the debtor has "legal or equitable interests…as of the commencement of the case." 11 U.S.C. § 541(a)(1). "So what matters [under Section 549] is not what effect the transfer had on the estate, but whether the Debtor transferred property that did not belong to her and without the right to do so." *Feldman v. People First Fed. Credit Union (In re White)*, 2019 Bankr. LEXIS 2451 (Bankr. E.D. Pa. Aug. 7, 2019), aff'd, 2020 U.S. Dist. LEXIS 56395 (E.D. Pa. Mar. 31, 2020). Appellants argue they sufficiently pleaded the "property of the estate" requirement by alleging Appellants have interests in the Lincoln Highway and Jefferson Street properties through a ground lease and assignment order that gave the bankruptcy estate a continuing interest in the proceeds arising out of certain properties, which included the Lincoln Highway and Jefferson Street properties.

As a preliminary issue, Appellants' "property of the estate" argument illustrates why arguments must first be raised to the lower court. Appellants did not raise this argument to the Bankruptcy Court, and thus there was no opportunity to develop a factual record to address what real property interests were at issue in the ground lease and assignment order. *See In re Imerys Talc Am., Inc. v. Cyprus Historical Excess Insurers*, 38 F.4th 361, 373 (3d Cir. 2022) (citing *In re Am. Biomaterials Corp.*, 954 F.2d 919, 927-28 (3d Cir. 1992) ("And the 'general rule' that we will

9

not 'consider issues on appeal that were not raised in the lower courts'… 'applies with added force where,' as here, 'the timely raising of the issue would have permitted the parties to develop a factual record.'").

Though the Bankruptcy Court did not have the opportunity to rule on this argument, the Bankruptcy Court did specifically note in its December 2, 2021 Memorandum Opinion that, at the time of the refinancing transactions, the rights to the Lincoln Highway and Jefferson Street Properties were **not** property of the estate and the granting of the liens by 720 Lincoln Highway, LLC and 201 Jefferson Street, LLC was not a conveyance of an interest of the bankruptcy estate (ECF No. 12 at A634). Moreover, Appellants' reference to the ground lease and assignment order does not itself evidence that the estate of the debtor, BG Petroleum, LLC, had a real property interest in the Lincoln Highway or Jefferson Street properties so as to render the properties "property of the estate" at the time of the refinancing transactions in 2020.

The proposed amendment does not sufficiently plead that the refinancing transactions involved "property of the estate" under Section 549. Had Appellants not waived their appellate arguments, the Court would nonetheless affirm the Bankruptcy Court's dismissal of this claim and denial of leave to amend. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (finding an amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted).

The Court also finds the proposed amendment fails to set forth a fraudulent transfer claim under Section 5104(a)(1) of the PUVTA. That section provides, in relevant part, the following:

(a) a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor[.]

10

12 Pa. C.S. § 5104(a)(1).

The remedies for an aggrieved creditor are defined in Sections 5107 and 5108 of PUVTA. Judge Deller correctly states in his December 2, 2021 Memorandum Opinion that, under Sections 5107 and 5108, a creditor is entitled to judgment against the first transferee, an immediate or mediate transferee, or the person for whose benefit the transfer was made (ECF No. 12 at A624). Judge Deller determined that the allegations in the Fourth Amended Adversary Complaint established that the relevant "transfers" appeared to be the cash payments paid by Appellee. Appellee is thus the "transferor" in the refinancing transactions, and as such, Appellants could not maintain a claim against Appellee as Section 5104's remedies are limited to recovery against the "transferee."

However, Appellants also asserted to Judge Deller that Appellee's receipt of the first-priority liens in exchange for the cash payments makes it a "transferee" of the refinancing transactions. In response to this argument, Judge Deller found that, even if Appellee was construed as a "transferee," Appellants cannot claim to be the "creditors" of "debtors" 720 Lincoln Highway, LLC and 201 Jefferson Street, LLC under the PUVTA because they have settled their claims with those Defendants. Appellants' Section 5104 claim was then dismissed on this basis.

Appellants raised their Section 5104 claim again in their proposed amendment, but as previously mentioned, they chose not to address how their amendment differed from the dismissed Section 5104 claim, nor provide any other argument to the Bankruptcy Court in support of their amended Section 5104 claim. On appeal, Appellants now argue they are "creditors" because the amendment sufficiently pleads Appellants have claims against the Jefferson Street and Lincoln Highway LLCs and that these entities are "debtors" under the PUVTA because they are allegedly liable to the Appellants.

Under the PUVTA, a "creditor" is defined as "[a] person that has a claim." 12 Pa. Cons.

Stat. § 5101.  A "claim" is broadly defined as "[e]xcept as used in 'claim for relief,' a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." *Id.* Section 5104's remedies  under Section 5107 and 5108 are only available to "creditors" as defined by the PUVTA.

Here, the record and procedure of the adversary proceeding confirm that Appellants cannot be "creditors" as Appellants have specifically released all claims they had against the Jefferson Street and Lincoln Highway LLCs arising from the adversary proceeding through the Settlement Agreement.  The Bankruptcy Court approved the Settlement Agreement, and the Jefferson Street and Lincoln Highway LLCs have been dismissed as defendants from the adversary proceeding. Appellants are thus not "[a] person that has a claim" against the Jefferson Street and Lincoln Highway LLCs.  As they are not "creditors" in relationship to these entities, they cannot maintain a claim for relief under Section 5104.  Therefore, even if Appellants had not waived this argument, the Court would still affirm the Bankruptcy Court's dismissal of the Section 5104 claim against Appellee and denial of the amendment of this claim.

## IV.     Conclusion

For the reasons stated herein, the Court will affirm the Bankruptcy Court's dismissal of Appellants' Fourth Amended Adversary Complaint, the Bankruptcy Court's denial of Appellants' Motion for Leave to File Fifth Amended Complaint, and the Bankruptcy Court's Final Order dismissing with prejudice the adversary proceeding against Appellee. An appropriate Order will follow.

Date:

Stephanie L. Haines
United States District Judge